

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:10-cr-51 |
| ) | |
| v. ) | **PLEA AGREEMENT** |
| ) | |
| JUSTIN DAVID CARTER, ) | |
| ) | |
| Defendant. ) | |

The United States of America (also referred to as "the Government") and the defendant, Justin David Carter, and defendant's attorney, enter into this Plea Agreement.

**A. CHARGES**

1. *Subject Offense.* Defendant will plead guilty to Count 3 of the Indictment, that is, Transportation To Engage In Illicit Sexual Conduct, a violation of Title 18, United States Code, Section 2423(a).

2. *Charges Being Dismissed.* If the Court accepts this plea agreement, Counts 1 and 2 of the Indictment will be dismissed at the time of sentencing.

3. *No Further Prosecution.* The Government agrees that defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this plea agreement do not apply to (1) any criminal act occurring after the date of this agreement, (2) any crime of violence, and (3) any criminal offense

1

which defendant did not fully disclose to law enforcement during defendant's interviews pursuant to any proffer or other agreements with the United States.

## B. MAXIMUM PENALTIES

4. *Maximum and Mandatory Minimum Punishment.* Defendant understands that the crime to which he is pleading guilty carries a mandatory minimum sentence of 10 years in prison and a maximum sentence of life in prison; a maximum fine of $ 250,000; and a term of supervised release of life. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. Defendant understands that, under this agreement, the Court may not impose a sentence less than the mandatory minimum sentence. No one has promised the defendant that he will be eligible for a sentence of less than the mandatory minimum.

5. *Supervised Release--Explained.* Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions. If defendant were to violate a condition of supervised release, defendant could be sentenced up to five years in prison, without any credit for time previously served.

6. *Detention.* Defendant agrees that he will remain in custody following the completion of the entry of his guilty plea to await the imposition of sentence.

2

## C. NATURE OF THE OFFENSE -- FACTUAL BASIS

7. *Elements understood.* Defendant understands that to prove the offense alleged under Count 3, Transportation to Engage in Illicit Sexual Conduct, the Government would be required to prove beyond a reasonable doubt the following elements:

>   (a)    the defendant did transport a minor in interstate commerce;
>
>   (b)    the defendant did so for the purpose of engaging in a sexual act with the minor; and
>
>   (c)    the sexual act intended did involve activity for which a person could have been charged with a criminal offense.

8. *Elements Admitted.* As a factual basis for his plea of guilty, defendant admits the following:

>   (a) On June 4, 2010, the victim, a twelve-year-old girl from Muscatine, was reported missing by her parents. The victim sent a text message to her mother stating that she had to serve a detention at school. In fact, the girl had been picked up a Hy-Vee store in Muscatine, Iowa by Defendant Justin Carter (born in 1974) and transported across statelines to Illinois and eventually to Florida. Defendant Carter and the girl agreed that she would send another message stating that she was unhappy and she was going to kill herself. At about 8:00 p.m., while the parents were at the Muscatine police station, the parents received the girl's message.
>
>   (b)) The police found the last numbers called on the girl's phone; it included a number from Jacksonville, Florida. They called the number and got a voice message from "Justin." The police went to the girl's Facebook account and found a picture posted by Defendant Justin Carter. They checked Carter's Facebook page and found he listed Jacksonville and his 1974 date of birth. They checked driver's licenses and registrations and found Carter had a Florida driver's license and a Chevy Blazer. Ultimately, the police

3

were able to identify the cell tower location for Carter's telephone was Jacksonville, Florida.

(c) On June 6, 2010, FBI Agents stopped Carter while he was driving in Jacksonville. Carter was told he was not under arrest but they wanted to talk to him. Carter agreed. They went to a car and interviewed him there. When first asked about the girl by name, Carter responded "Who's [girl's name]?" but then admitted that he knew her. He denied knowing her whereabouts. Carter stated he met the girl on Facebook and had engaged in chats on the internet and telephone calls with her. Carter claimed that he had just returned from a camping trip in Florida. He claimed his tent was stolen on June 6 but he did not report it stolen.

(d) Carter claimed he had last spoken to the girl on the previous Friday. The agents had Carter place a call to the girl's cellphone, there was no answer so Carter left a message starting with "It's me" and ending with "I love you." Carter continued to give false information to law enforcement until they caught him in too many falsehoods. He finally admitted that he had been lying to them. He then claimed he drove from Florida to Iowa to rescue the girl from a bad situation. He said he believed she was suicidal. He said that he met her at the Hy-Vee and they spoke for an hour after which Carter was able to convince her not to take her own life. He claimed that from there they parted and she went to a friend's house and he drove back to Florida. Eventually, Carter took the agents to a nearby park and pointed out a tent in the woods where the agents found the girl. Carter then admitted that he had driven to Iowa and brought the girl back to Jacksonville. He put the girl in a tent away from his house to avoid detection and was waiting until things died down. Carter said he knew it was kidnaping (he looked up Iowa law), but he didn't care.

(e) Investigation revealed that while in Florida, Carter had been chatting with the victim-girl by various means including a chatroom of SKOUT.COM, an on-line dating site. Carter and the victim agreed that he would travel from Florida to Iowa to rendevous with the victim and return to Florida where they would live together (including having sexual intercourse). After driving from Florida to pick the girl up at the Hy-Vee store, Carter drove back toward Florida. At about 10:00 p.m. on June 4, 2010, they checked into a Motel 6 in Mount Vernon, Illinois. At the motel

4

Carter provided alcoholic beverages to the girl. Carter and the girl engaged in oral sex and vaginal intercourse at the motel. They proceeded towards Florida the next morning. The next night they slept in the back of Carter's Chevy Blazer at a rest area. They arrived in Jacksonville on June 6, 2010. Carter had purchased a tent at Wal-Mart while they were traveling and the plan was for her to stay in the tent temporarily.

(f) It is a crime in the State of Illinois for a person Defendant's age to engage in sexual contact and intercourse with a twelve-year-old.

9. *Truthfulness of Factual Basis.* Defendant acknowledges that the above statements are true. Defendant also understands that, during the change of plea hearing, the judge and the prosecutor may ask him questions under oath about the offense to which he is pleading guilty, in the presence of defendant's attorney. Defendant understands that he must answer these questions truthfully, and that defendant can be prosecuted for perjury if that defendant gives any false answers.

10. *Venue.* Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D. SENTENCING**

11. *Sentencing Guidelines.* Defendant understands that his sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

5

a.  *the nature of the offense to which the defendant is pleading guilty*; the parties agree that the defendant knowingly and intentionally transported a girl who had not attained the age of 18 years in interstate or foreign commerce with intent that the individual engage in sexual activity for which he could be charged with a criminal offense and that the guideline section that applies to Count 3 is U.S.S.G. §2G1.3.

b.  *whether the defendant unduly influenced the victim*, the parties have reached no agreements on this issue addressed in U.S.S.G. §2G1.3(b)(2);

c.  *use of the computer to persuade, induce, entice, or facilitate the travel of a minor to engage in prohibited sexual conduct*; the parties agree that the defendant committed the underlying offense in manner that satisfies the specific offense characteristic addressed in U.S.S.G. §2G1.3(b)(3);

d.  *the nature and extent of the defendant's criminal history* (prior convictions); and

e.  *acceptance or lack of acceptance of responsibility.*

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Guidelines and impose a sentence more severe or less severe than provided by the Guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with his attorney.

12. *Acceptance of Responsibility.* The government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG § 3E1.1. The government reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding the defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to

withdraw his guilty plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the government agrees that defendant should receive a 3-level reduction, based on timely notification to the government of the defendant's intent to plead guilty.

13. *Presentence Report.* Defendant understands that the Court may defer a decision as to whether to accept this plea agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.

14. *Evidence at Sentencing.* Defendant, Defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

15. *Sentence to be Decided by Judge -- No Promises.* This Plea Agreement is entered pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward

departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

16. *No Right to Withdraw Plea.* Defendant understands that he will have no right to withdraw his plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what he anticipated, or if the sentencing judge declines to follow the parties' recommendations.

### E. LIMITED SCOPE OF AGREEMENT

17. *Limited Scope of Agreement.* This agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the Government from pursuing any civil or administrative matters against defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

18. *Agreement Limited to Southern District of Iowa.* This plea agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting,

administrative, or regulatory authorities.

19. *Sex Offender Registry.* Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3582(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to his name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirement of federal and

state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## F. WAIVER OF TRIAL RIGHTS - WAIVER OF APPEAL & § 2255

20. *Trial Rights Explained.* Defendant understands that by entering a plea of guilty he waives the right to:

    (a)    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

    (c)    the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

    (d)    confront and cross-examine adverse witnesses;

    (e)    present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

    (f)    not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

    (g)    if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

21. *Waiver of Appeal and Post-Conviction Review.* The defendant knowingly and expressly waives any and all rights to appeal his conviction in

this case, including a waiver of all motions, defenses and objections which he could assert to the charge(s) or to the court's entry of judgment against him; except that both the defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, the defendant knowingly and expressly waives any and all rights to contest his conviction in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel and/or prosecutorial misconduct not known to the defendant, or reasonably knowable, at the time of entering this plea agreement.

## G. VOLUNTARINESS OF PLEA -- OPPORTUNITY TO CONSULT WITH COUNSEL

22. *Voluntariness of Plea.* Defendant represents that his decision to plead guilty is his own, voluntary decision, and that the following is true:

> (a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with his attorney, and defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.
>
> (b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.
>
> (c) No one has threatened Defendant or his family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact he is guilty and for no other reason.

23. *Consultation with Attorney.* Defendant has discussed this case and this plea with his attorney and states that the following is true:

(a) Defendant states that he is satisfied with the representation provided by his attorney.

(b) Defendant has no complaint about the time or attention his attorney has devoted to this case nor the advice the attorney has given.

(c) Although defendant's attorney has given the defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of his attorney, and with a full understanding of his rights, the facts and circumstances of the case, and the consequences of the plea.

## H. ENTIRE AGREEMENT -- EFFECTIVE DATE -- PUBLIC INTEREST

24. *Entire Agreement.* This plea agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be *in writing* and signed by all parties.

25. *Public Interest.* The parties state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

26. *Execution/Effective Date.* This Plea Agreement does not become

valid and binding until executed by each of the individuals (or their designated representatives) shown below.

I. **SIGNATURES**

27. *Defendant.* I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this plea agreement, and about the rights that I am giving up, before entering into the plea of guilty.

2-28-11
Date

*/s/ Justin David Carter*
Justin David Carter

28. *Defendant's Attorney.* I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the Agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea

13

Agreement, and does so voluntarily of defendant's own free will, with full knowledge of defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

2/28/11
Date

Terence L. McAtee
Attorney for the Defendant
Northwest Bank Building
101 West 2nd Street, Suite 401
Davenport, IA. 52801
Tel: (569) 322-8931
Fax: (563) 383-0052
Email: Terry_Mcatee@fd.org

29. *United States.* The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

2/28/2011
Date

By: Clifford R. Cronk III
Assistant United States Attorney
131 East Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
email: cliff.cronk@usdoj.gov

14