IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 10-51 |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S RESPONSE TO |
| vs. | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| JUSTIN D. CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the defendant, Justin D. Carter, through counsel, and hereby submits his Response to the Government's Sentencing Memorandum:

**I.     INTRODUCTION**

On July 14, 2010, Mr. Carter was charged in a three count Indictment with (1) enticement of a minor to engage in illicit sexual activities, in violation of 18 U.S.C. §2422(b); (2) travel to engage in illicit sexual conduct, in violation of 18 U.S.C. §2423(b); and (3) transportation to engage in illicit sexual conduct, in violation of 18 U.S.C. §2423(a). Mr. Carter pled guilty to count 3 on February 28, 2011. Sentencing is scheduled for July 15, 2011. Mr. Carter's guideline range as established by the United States Sentencing Commission, is 108-135 months, however, there is a statutory mandatory minimum prison sentence of 120 months. The government is requesting that the court impose a sentence which is above this guideline range. Mr. Carter is respectfully resisting the government's request.

## II. SENTENCING PROCEDURE

After *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases, sentencing courts should follow a three step process. See also U.S.S.G. §1B1.1 and *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). Initially, the court should properly calculate the guidelines. While not binding, the guidelines "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). As was stated above, the guideline range in Mr. Carter's case is 120-135 months. The next step for the court is to consider whether a traditional departure is appropriate. Finally, the court should consider the factors set forth in 18 U.S.C. §3553(a) to determine the appropriate sentence.

## III. UNDER THE FACTORS SET FORTH IN 18 U.S.C. §3553(a), MR. CARTER SHOULD RECEIVE A SENTENCE WITHIN THE GUIDELINE RANGE.

18 U.S.C. §3553(a) provides that the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. Paragraph 2 refers to:

> "The need for the sentence imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Among other factors, a sentencing court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1).

Mr. Carter pled guilty to count 3, transportation to engage in illicit sexual conduct. The elements of this offense are as follows:

1. The defendant did transport a minor in interstate commerce;
2. The defendant did so for the purpose of engaging in a sexual act with a minor;

2

and
3. The sexual act intended involved activity for which a person could have been charged with a criminal offense.

The United States Sentencing Commission has established a base offense level of 28 for this offense. (PSR, ¶14). In addition, Mr. Carter has been assessed three separate enhancements to his offense level:

1. A 2 level increase for unduly influencing a minor to engage in prohibited sexual conduct (PSR, ¶15);
2. A 2 level enhancement for use of a computer or interactive computer service to facilitate the travel of the minor to engage in prohibited sexual conduct (PSR, ¶165); and
3. A 2 level increase because the offense involved a sex act or sexual contact (PSR, ¶16).

These enhancements increased Mr. Carter's offense level to 34, which was then decreased by 3 levels because Mr. Carter pled guilty and fully accepted responsibility. Mr. Carter has no prior criminal convictions, therefore he is in a criminal history category of I. (PSR, ¶28). With an offense level of 31 and a criminal history category of I, Mr. Carter's guideline sentencing range is 108-135 months. However, he also faces a ten year statutory mandatory minimum sentence, which in essence raises his guideline range to 120-135 months. (PSR, ¶60).

Mr. Carter acknowledges that he committed a serious offense, and he is extremely remorseful. He has fully accepted responsibility for his actions, and he apologizes to the victim and the victim's family. He agrees to pay restitution to the victim and he also paid the required $100.00 special assessment fee.

Mr. Carter, is 36 years old and he has no prior criminal convictions. (PSR, ¶27, 28). He graduated from high school and he has completed one year of college. (PSR, ¶45,46). While his parents divorced before he was born, he continues to have strong family support from both of his

parents as well as from his siblings. (PSR, ¶33-34). He has a solid work history. (PSR, ¶48-51). It is Mr. Carter's intention to continue his education while in prison, seek treatment, and be a productive member of society after he is released.

The United States Sentencing Commission has established guidelines for a sentencing court to consider when imposing a sentence in this type of case. These guidelines take into account both the seriousness of this offense, and any other "aggravating" factors which the Sentencing Commission deems relevant. In Mr. Carter's case, the base offense level which has been established for this offense, plus the three enhancements, fully account for Mr. Carter's actions. For this reason, defendant agrees with the conclusion of the United States Probation Office that there is no basis for a departure and/or variance from the prescribed sentencing guidelines. (PSR, ¶70).

**IV. CONCLUSION**

WHEREFORE, defendant Justin C. Carter respectfully requests a sentence of 120 months in this matter.

    FEDERAL DEFENDER'S OFFICE
    MidwestOne Bank Building
    101 W. 2nd Street, Suite 401
    Davenport, Iowa 52801-1815
    TELEPHONE: (563) 322-8931
    TELEFAX: (563) 383-0052
    EMAIL: terry_mcatee@fd.org

    By: /s/
        **Terence McAtee**
        Assistant Federal Defender
        ATTORNEY FOR DEFENDANT

cc: Clifford R. Cronk III, AUSA

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2011, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

/s/